**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Criminal No. 1:23-cr-67-HSO-RPM-1**

**RONALD CHARLES GLAUDE, JR.**

## ORDER DENYING DEFENDANT RONALD CHARLES GLAUDE, JR.'S MOTION [48] TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

Defendant Ronald Charles Glaude, Jr. was sentenced to 262 months in prison for possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See* J. [37] at 1. Glaude now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2). *See* Mot. [48]. His Motion [48] should be denied because he is ineligible for a sentence reduction under the applicable statute and policy statements.

## I. BACKGROUND

In February 2019, federal agents utilized a confidential informant to purchase approximately 112.5 grams of methamphetamine from Defendant Ronald Charles Glaude, Jr. ("Defendant" or "Glaude"). *See* PSR [35] (filed under seal) at 5. A laboratory test of the purchased drugs revealed a weight of 109.7 grams with a purity of 91%, yielding a net weight of 99.8 grams of methamphetamine. *See id.* On May 16, 2023, a federal grand jury returned a two-count indictment charging Glaude with conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846 (Count I), and with possession with intent to distribute fifty grams or more of

methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count II). *See id.* at 3. On October 26, 2023, Glaude pled guilty to Count II of the indictment pursuant to written Plea Agreement [32] with the Government. *See* Plea Agreement [32].

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [35] (filed under seal). According to the PSR, "the guideline imprisonment range is 262 months to 327 months." *Id.* at 15. On January 26, 2024, the Court sentenced Defendant to a 262-month term of imprisonment and five years of supervised release. *See* J. [37] at 2, 3. The Court also ordered Defendant to pay a $5,000.00 fine and a $100.00 special assessment fee. *See id.* at 6. Defendant now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2). *See* Mot. [48].

## II. DISCUSSION

A. Legal Authority

18 U.S.C. § 3582 provides that a judgment of conviction generally constitutes a final judgment. *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (citing 18 U.S.C. § 3582(b)). Nonetheless, a sentence can be modified under the provisions of 18 U.S.C. § 3582(c). *Id.* (citing 18 U.S.C. § 3582(c)). Here, Defendant seeks a modification under 18 U.S.C. § 3582(c)(2), which states

> [t]he Court may not modify a term of imprisonment once it has been imposed except that—
>> . . .
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the

> term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement for 18 U.S.C. § 3582(c)(2) is U.S.S.G. § 1B1.10, which provides in relevant part that a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) if:

> (A) None of the amendments listed in subsection (d) is applicable to the defendant; or
> (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(A)-(B). And

> "[t]he Supreme Court has prescribed a two-step inquiry for a district court that is considering a §3582(c)(2) motion." *United States v. Benitez*, 822 F.3d 807, 810 (5th Cir. 2016) (per curiam) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). First, the district court must "determine whether the defendant is eligible for a sentence reduction under § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 826–27). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also* 18 U.S.C. § 3553(a).

*United States v. Robins*, 703 F. App'x 271, 272 (5th Cir. 2017) (per curiam); *see also United States v. Jones*, No. 25-60419, 2026 WL 637277, at *1 (5th Cir. Mar. 6, 2026) (per curiam) ("To determine whether a defendant is eligible for a sentence reduction under § 3582(c)(2), a district court must first determine whether a reduction is permissible under U.S.S.G. § 1B1.10, p.s.; if the defendant is eligible, the court should then determine whether, and to what extent, to reduce the sentence in light of the 18 U.S.C. § 3553(a) factors.").

B.    Analysis

Glaude contends that Amendments 821, 831, and 833 to the Sentencing Guidelines retroactively lower his sentence.  *See* Mot. [48] at 2-3.  The Government argues that Defendant has failed to exhaust his administrative remedies, citing to 18 U.S.C. § 3582(c)(1)(A) and *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).  *See* Resp. [23] at 6.  But there is no exhaustion requirement under the plain text of 18 U.S.C. § 3582(c)(2), and in *Franco,* the Fifth Circuit was conducting an analysis under 18 U.S.C. § 3582(c)(1)(A), not 18 U.S.C. § 3582(c)(2).  *See Franco*, 973 F.3d at 468; *see also United States v. Triplett*, No. CR 17-55, 2026 WL 85573, at *2 (E.D. La. Jan. 12, 2026) ("18 U.S.C. § 3582(c)(2) does not contain an exhaustion requirement . . . ."); *United States v. Powers*, No. 1:13-CR-95-12, 2022 WL 4398484, at *1-2 (E.D. Tex. July 11, 2022) (discussing motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and not discussing exhaustion).

The Court must first determine whether Glaude is eligible for a sentence reduction under U.S.S.G. § 1B1.10.  *See Robins*, 703 F. App'x at 272; *Jones*, No. 25-60419, 2026 WL 637277, at *1.  Under § 1B1.10, a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) if "[n]one of the amendments listed in subsection (d) is applicable to the defendant," or "[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(A)-(B).

First, Glaude argues that Amendment 821 would lower his sentence. Amendment 821, which appears in U.S.S.G. § 4A1.1(e), provides:

> One point is added if the defendant (1) receives 7 or more points under §4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). But Glaude's PSR was calculated *after* Amendment 821 had gone into effect, so it would not lower his sentence because in his criminal history calculation, Glaude received no status points. *See* PSR [35] at 12. Simply put, Amendment 821 would have no effect on Glaude's sentence. And even if it had an effect, none of the sentencing factors under 18 U.S.C. § 3553(a) would support reducing Glaude's sentence. *See* 18 U.S.C. § 3553(a) (listing seven factors). Glaude was convicted of a serious drug offense, has an extensive criminal history, and has a disciplinary record in prison, including the use of drugs and alcohol. *See* PSR [35]; Dkt. [51-2]. An early release would create sentencing disparities with other similarly-situated offenders and would minimize the seriousness of his offense. *See United States v. Moran*, No. 23-60130, 2023 WL 5316490, at \*1 (5th Cir. Aug. 16, 2023) (per curiam). Thus, Amendment 821 would not support a reduction in Defendant's sentence.

Turning to Glaude's arguments under Amendments 831 and 833, those amendments are not listed under subsection (d) of § 1B1.10, so they cannot support a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(d); 18 U.S.C. § 3582(c)(2). Nor do Amendments 831 and 833 apply

retroactively, so for this reason as well they would not affect his sentence. *See* U.S.S.G. § 1B1.10(a)(2); 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Ronald Charles Glaude Jr.'s Motion [48] to Reduce Sentence is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of April, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE